FILED
2011 May-02  AM 09:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LELA K. WARREN, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ]   CV-10-BE-03282-S |
| | ] |
| THE BOARD OF TRUSTEES OF | ] |
| THE UNIVERSITY OF ALABAMA, | ] |
| et al., | ] |
| | ] |
| Defendants. | ] |

**MEMORANDUM OPINION**

This employment discrimination case comes before the court on the following motions: "Defendants Board of Trustees' and Barbara Roye's Motion to Dismiss or for Summary Judgment" (doc. 9) and "Motion to Dismiss" filed by Defendant University of Alabama Health Services Foundation, P.C. (doc. 11).  After full briefing on the motions to dismiss, the court set this matter for hearing on April 22, 2011 – a date selected by consultation with all counsel after the first setting had to be changed because of a conflict.  One hour before the scheduled hearing, counsel for Plaintiff called, advising the court that he was in trial in state court and could not attend the hearing.  The court agreed to continue the hearing but after having spent numerous hours preparing for the hearing, the undersigned decided that a hearing was not necessary to resolve the issues raised in this case.

For the reasons stated below, the court finds that the motions to dismiss are both due to be granted, except as to the Title VII claims against Defendant University of Alabama Health

1

Services Foundation, P.C. (UAHSF) for race and gender discrimination and for retaliation.

In its Motion to Dismiss, Defendant UAHSF noted it is one and the same as Defendant Kirklin Clinic. Therefore, the court refers to UAHSF and Kirklin Clinic interchangeably. Plaintiff also sues The Board of Trustees of the University of Alabama; Shelia Eiland, in her individual and official capacity; Jacqueline M. Feldman, M.D. in her official and individual capacity as Director of Community Psychology; Robert Savage, Ph.D. in his official and individual capacity as Associate Professor; and Barbara Roye in her official and individual capacity. The four individual Defendants, Eiland, Feldman, Savage and Roye are alleged to be employed by "UAB and the Kirklin Clinic." (Complaint, doc. 1 ¶¶ 4, 5, 6, 7). Plaintiff alleges Defendant Roye is her supervisor at UAB and the Kirklin Clinic. (Complaint, doc. 1 ¶ 7).

Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the court must accept all well-pled factual allegations as true and construe them in the light most favorable to the plaintiff. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Although it must accept well-pleaded facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). Additionally, in evaluating the sufficiency of a plaintiff's pleadings, the court must make reasonable inferences in the plaintiff's favor; however, the court is not required to draw plaintiff's chosen inference. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

The Defendants Board of Trustees and Roye also filed an alternative motion for summary judgment and attached two affidavits. Because the court finds that the motions to dismiss are

due to be granted without considering the affidavits, it does not reach the motion for summary judgment.

>   Plaintiff's Complaint

In her complaint, Plaintiff seeks to bring claims against all defendants for age, race and gender discrimination, and retaliation under Title VII, Age Discrimination in Employment Act, and 42 U.S.C. §§ 1331, "1343(3) and 1343(4)" (sic).  Section 1331, of course, confers jurisdiction over federal questions, such as Plaintiff's Title VII and ADEA claims.  Section 1343(a) grants federal courts original jurisdiction over certain civil rights actions.  The defendants do not challenge jurisdiction.

The Defendants, however, do make several challenges to the sufficiency of the complaint. First, the Board and all individual Defendants challenge the Plaintiff's allegations against them as her "employer;" UAHSF admits that it is her employer.  Second, they contend that any claim for age discrimination under the ADEA fails because Plaintiff failed to exhaust her administrative remedies.  Third, they contend that any claim under § 1983 fails to allege the essential element of state action.  And fourth, they challenge the adequacy of the factual allegations to state a claim for relief.[1]

To determine whether the Plaintiff's complaint can withstand the Defendants' assaults, the court must examine the allegations of the complaint in the light most favorable to the Plaintiff.

>   A.   Title VII Claims

---

[1] Because the court agrees with the Defendants on these challenges, it need not reach their other grounds asserted.

      1.      <u>Who Is Plaintiff's Employer?</u>

The well-settled law in the Eleventh Circuit holds that Title VII and ADEA do not allow for individual liability; the only cause of action under those statutes is against the employer. *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161 n. 17 (11th Cir. 2003) (citing *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (no individual liability under ADA); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (no individual liability under ADEA); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (no individual liability under Title VII)). Therefore, to the extent the complaint may seek to assert claims against the individual Defendants under Title VII and ADEA, such claims are due to be dismissed with prejudice.

In her complaint, Plaintiff assets that she "was employed by the entity Defendant" Board of Trustees, Kirklin Clinic, and UAHSF (Complaint, doc. 1 ¶¶ 1 & 22); "Defendant [singular] is an employer within the meaning of the ADEA" (*id.* ¶ 13); "Defendant [singular] is an employer within the meaning of Title VII." (*Id.* ¶ 18). In her First and Second claims for relief under Title VII, the complaint refers to "Defendants University of Alabama et.al." (*Id.* ¶¶ 27, 28, 32, 33, 34).

The complaint does not allege that the "entity" Defendants were joint employers nor does it assert any facts to support such a theory. The Defendant UAHSF admits that Plaintiff is <u>its</u> employee. Because the complaint contains no factual allegations to support Plaintiff's conclusory legal claim that the Board of Trustees was also somehow her employer, the Title VII claims against it are due to be dismissed with prejudice.

      2.      <u>Exhaustion Required</u>

The Plaintiff's Title VII claims against the Defendants, other than

UAHSF, are due to be dismissed for another reason. Even if the other Defendants – the Board and individual Defendants – could somehow qualify as her employer under Title VII, the Plaintiff has not filed an EEOC charge against any "employer" other than the Kirklin Clinic (UAHSF). Therefore, her Title VII claims against the other Defendants are due to be dismissed for failure to exhaust her administrative remedies.

Also, within Plaintiff's First Claim of Relief, she asserts that the "Defendants" discriminated against her "due to her . . . age over 40." As the Defendants point out, at the time the Plaintiff filed this lawsuit (November 30, 2011), she had not listed age as a basis for a claim in any of her many EEOC complaints. Indeed, in her "Motion to Supplement Plaintiffs [sic] Response in Opposition to Defendants [sic] Motions to Dismiss" (doc. 23), which the court granted, the Plaintiff attached her EEOC charge filed February 10, 2011 that appears to be her first assertion of a claim for age discrimination. That EEOC charge was filed *after* this lawsuit was filed, *after* the Defendants had filed their motions to dismiss (January 18, 2011), and on the very day Plaintiff's response was due to the motions to dismiss (doc. 13, 14).

To exhaust administrative remedies means that <u>before</u> filing suit, the plaintiff must file an EEOC charge against her employer alleging the same basis for relief as her subsequent suit, within 180 days of the discriminatory action, receive a right to sue letter, and file suit within 90 days of receipt of that right to sue letter. *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567-68 (11th Cir. 1996). Plaintiff here got the proverbial cart before the horse. Having failed to exhaust her administrative remedy as to her claim of age discrimination, that claim is due to be dismissed as against all defendants.

5

       3.       Sufficiency of Factual Allegations

UAHSF remains as the only employer and the only Defendant against whom Plaintiff has exhausted her administrative remedies as to her race and retaliation claims. It also challenges, however, the sufficiency of the complaint to allege actionable discriminatory acts by it.

Perhaps because Plaintiff sought to haul as many entities into court as possible, her complaint fails to specify who did what. In her two claims for relief under Title VII, as noted above, she alleges that "Defendants University of Alabama et. al." discriminated or retaliated against her. These are conclusory legal allegations that the court does not need to accept as true. *Iqbal*, 129 S. Ct. at 1949-50 (holding the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). Under the heading "G. Discrimination under Title VII," the complaint sets out numerous factual allegations to support her assertion of race and gender discrimination, retaliation, and disparate treatment. Not only do these allegations lack specificity as to who did what when and where, because they lump all defendants together, trying to ascertain what actions were done by or on behalf of Plaintiff's actual employers is difficult if not impossible. Also the allegations fail to link any allegations of discrimination and/or retaliation to any adverse employment action.

Therefore, Defendant UAHSF's motion to dismiss the two Title VII claims against it for race and gender discrimination and retaliation based on insufficiency of pleading will be granted and those claims will be dismissed without prejudice.

B.      Claims under "§ 1981 By and Through § 1983" against the Individual Defendants

In claims Three through Ten, the complaint asserts claims against the four individual Defendants for discrimination and retaliation in violation of § 1981.  The heading to each claim invokes § 1983.

To the extent Plaintiff seeks to assert any cause of action under § 1983, the complaint fails to do so.  She has failed to plead an essential element of a § 1983 action – that the Defendant acted under color of state law.  Therefore, if the complaint alleges claims under § 1983, they are due to be dismissed.

Unlike § 1983, however, § 1981 does not require state action.  42 U.S.C. § 1981.  The individual Defendants also challenge the sufficiency of the complaint to state any claim for relief against them under § 1981.  The court agrees.  Each claim for relief merely states conclusory legal allegations.  The factual allegations in the other paragraphs of the complaint that are incorporated by reference provide no factual basis for these claims against any individual Defendant.  With the exception of Defendant Roye, the only times the complaint mentions Defendants Eiland, Feldman and Savage is in the paragraphs identifying them, and in the claims for relief that contain merely conclusory legal statements. (See Complaint, doc. 1 ¶¶ 4, 5, 6).  For example, the Third Claim for Relief serves as an exemplar:

> 37.     In taking the above-described actions, Defendant Feldman intentionally and willfully discriminated against Plaintiff on the basis of her race in violation of **§ 1981**.  White employees and black employees were not treated similarly.
>
> 38.     Defendant Feldman condones and allows race-based discrimination.
>
> 39.     Defendant Feldman's actions violated the substantive rights guaranteed to

        Plaintiff under **§ 1981**, and were taken with malice or reckless indifference to the federally-protected rights of the Plaintiff.

40.    As a proximate consequence of the violations of **§ 1981** by Defendant Feldman, Plaintiff has suffered and will suffer damages to her professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

As noted, nowhere in the "above-described actions" are any actions attributed to Feldman, or any other individual Defendant except Defendant Roye.

The only individual Defendant mentioned beyond the conclusory statements in the "claims" and in the introductory paragraphs is Defendant Barbara Roye. She is mentioned in paragraphs 19a and d. Those paragraphs read:

    a.    Plaintiff complained to Defendant Barbara Roye on or about November 13, 2009 about being required to have a white male co-worker sign her leave and vacation request, as well as, being required to have him sign her illness reporting form.

    d.    The Plaintiff requested several times to be transferred from under Defendant Barbara Roye's supervision; however, her requests were denied.

These paragraphs, however, do not contain any allegations of discriminatory actions taken by Ms. Roye. Plaintiff's complaint to Ms. Roye does not reflect discriminatory conduct by Ms. Roye; neither does Plaintiff's request to some unknown person to be transferred from under Roye's supervision.

Thus, the complaint fails to state a claim against Defendant Roye, or any other individual Defendant for violation of her civil rights under § 1981. These claims are due to be dismissed.

C.     ADEA Claims against Individual Defendants

Claims 11 - 18 seek to bring claims against the individual Defendants in their "official capacity only" for discrimination and retaliation in violation of the ADEA. These claims are due to be dismissed for several reasons.

First, as noted above, the ADEA does not provide for individual liability. *See Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995).

Second, under the ADEA, a plaintiff is required to exhaust her administrative remedies. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004); *see* 29 U.S.C. § 626(d). As noted above, the Plaintiff has failed to do so.

Therefore, these claims against the individual Defendants are due to be dismissed.

For the reasons stated above, the court simultaneously will enter an Order granting the Defendants' motions to dismiss as follows:

(1)     All claims for age discrimination, whether brought under the ADEA or Title VII, are DISMISSED against all Defendants for failure to exhaust administrative remedies.  (Claims One and Two, to the extent they allege age discrimination, and Claims Eleven through Eighteen).

(2)     Claims for Relief One and Two for race and gender discrimination are DISMISSED WITH PREJUDICE as to all defendants EXCEPT UAHSF for failure to exhaust administrative remedies, as well as not being Plaintiff's "employer."

(3)     Claims Three through Ten against the individual defendants under "§ 1981 through 1983" are DISMISSED as to any § 1983 claim for failure to plead state

9

action, and as to § 1981 claims for failure to plead sufficient facts to state a plausible claim.

(4)   As to Claims One and Two under Title VII for race and gender discrimination and retaliation against Defendant UAHSF, the claims are DISMISSED WITHOUT PREJUDICE.

DONE and ORDERED this 2nd day of May, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE