FILED
 2011 Jun-29 AM 09:48
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LELA K. WARREN, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ]  CV-10-BE-03282-S |
| | ] |
| THE BOARD OF TRUSTEES OF | ] |
| THE UNIVERSITY OF ALABAMA, | ] |
| et al., | ] |
| | ] |
| Defendants. | ] |

### MEMORANDUM OPINION

This employment discrimination case comes before the court on "Plaintiff's Motion for Leave to File Amended Pleading." (Doc. 28). The court previously entered an Order dismissing all of Plaintiff's original claims against the Defendants for various reasons. (Doc. 27). Plaintiff now seeks to amend her Complaint in an attempt to cure the deficiencies in her initial pleading and preserve her claims against two of the original Defendants, UAHSF/Kirklin Clinic and Barbara Roye. Only Defendant Roye filed an objection, arguing that certain claims against her were dismissed with prejudice and that the proposed amended complaint still fails to state a claim against her. (Doc. 29). For the following reasons, the court finds the motion is due to be GRANTED IN PART and DENIED IN PART.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires." The Supreme Court provided the following additional guidance, which has become the framework for assessing Rule 15 motions for leave to amend:

1

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit has recognized that leave to amend "is particularly appropriate following dismissal of a complaint for failure to state a claim." *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (citation omitted).

In this case, the court finds that the Plaintiff has not acted with bad faith or undue delay. Plaintiff filed her motion for leave to amend her complaint within nine days of the court's memorandum opinion and order dismissing her claims and identifying various deficiencies. Moreover, no Defendant objected to Plaintiff's motion on the grounds of undue prejudice.[1] The court independently finds that no undue prejudice would harm the Defendants by granting Plaintiff's motion to amend because Plaintiff does not seek to add any additional claims, issues, or parties to its proposed amended complaint. Instead, Plaintiff seeks only to clarify certain claims previously asserted against some of the original Defendants.

Plaintiff's proposed amended complaint contains five claims for relief. The court assesses each separately.

The First and Second claims for relief are raised against UAHSF/Kirklin Clinic under Title VII for discrimination and retaliation based on race (African American) and gender (female). The court previously dismissed these claims against UAHSF/Kirklin Clinic without

---

[1] Only Defendant Roye filed an opposition to the motion for leave to amend, and bases her argument on failure to state a claim (which the court interprets as an objection based on futility), rather than bad faith, undue delay, or prejudice.

prejudice. (Doc. 27). The court's primary concern about these claims as previously raised involved insufficiency of pleading based on the lack of clarity and specificity over "who did what." Plaintiff's proposed amended complaint largely addresses those concerns and at least reaches the plausibility threshold. *See Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court also notes that Defendants UAHSF/Kirklin Clinic did not object to Plaintiff's motion for leave to amend. Thus, the court will grant the Plaintiff's motion for leave to amend as to the First and Second claims for relief in its proposed amended complaint.

The Third and Fourth claims for relief are asserted against Barbara Roye, an individual, under 42 U.S.C. § 1981 by and through 42 U.S.C. § 1983. Plaintiff alleges that Roye is a UAHSF manager and her direct supervisor. The court previously dismissed these claims against Roye without prejudice[2] because 1) Plaintiff failed to plead adverse action under color of state law, an essential element of § 1983; and 2) Plaintiff alleged nothing more than conclusory legal statements as to the § 1981 claim. Defendant Roye opposes the claims re-asserted against her because "Plaintiff's proposed amended complaint still fails to sufficiently plead a claim against Roye." (Doc. 29 ¶ 4). The court agrees. Though Plaintiff pleads in a conclusory statement that Roye's actions were taken "under color of state law," its proposed amended complaint still contains notable insufficiencies, rendering the attempt to amend futile.

First, Plaintiff's assertions against Roye remain largely conclusory and lack sufficient

---

[2] The court disagrees with Roye's argument in her opposition brief that the court dismissed *all* claims against the individual Defendants *with prejudice*. The court's Order only dismissed the Title VII claims against the individual Defendants with prejudice—not the § 1981 claims. (See Doc. 27, ¶¶ 2-3).

causal connection to a discriminatory purpose or motive.  The Fourth Claim for "retaliation" is wholly conslusory and does not meet the *Iqbal / Twombly* pleading standards for the same reasons discussed in the court's previous memorandum opinion.  (See Doc. 27).  That claim contains *no* specific allegations of retaliatory conduct, or adverse action, based on discrimination.  Second, Plaintiff's attempt to bring § 1981 claims against Defendant Roye again fails to plead an essential element of § 1981 actions—interference with a contractual relationship.  *See Kinnon v. Arcoub, Gopman & Assoc., Inc.*, 490 F.3d 886, 890 (11th Cir. 2007).  Unlike Title VII discrimination claims, § 1981 claims for discrimination are based on a general theory of contract.

> To state a claim under § 1981, a plaintiff must identify "an impaired 'contractual relationship' . . . under which the plaintiff has rights." *Domino's Pizza v. McDonald,* 126 S.Ct. 1246, 1249 (2006) (quoting 42 U.S.C. § 1981(b))  (footnote omitted).

*Kinnon v. Arcoub, Gopman & Assoc., Inc.*, 490 F.3d 886, 890 (11th Cir. 2007).  Plaintiff's proposed amended complaint does not identify any contractual relationship between herself and Roye, and even if the court were to speculate as to an implied contractual relationship based on employment, Plaintiff still fails to allege any sort of impairment or interference with such a contact by Roye.  Because of the continued insufficiency of these claims against Defendant Roye, the court will deny as futile Plaintiff's motion for leave to amend as to the  Third and Fourth claims for relief in the proposed amended complaint.

      Finally, the Fifth claim for relief contains a general claim for damages.  The court will grant leave to amend the complaint as to the Fifth claim in the proposed amended complaint <u>but only</u> to the extent that it seeks damages pertaining to Plaintiff's claims against UAHSF/Kirklin Clinic for her Title VII claims involving discrimination and retaliation.

The court notes that Plaintiff's originally filed claim for *age*-based discrimination was dismissed for failure to exhaust administrative remedies. (See Doc. 27). Therefore the court will deny the motion for leave to amend to the extent Plaintiff seeks to re-assert that claim in her proposed amended complaint,[3] and order that any reference to or purported claim seeking relief for age discrimination shall be removed from the amended complaint before filing.

A separate order will be entered.

DONE and ORDERED this 29th day of June, 2011.

                                                      KARON OWEN BOWDRE
                                                     UNITED STATES DISTRICT JUDGE

---

[3] Paragraph 6 of the proposed amended complaint identifies "employment discrimination on the basis of race, sex, *age*, and retaliation" (emphasis added). The court believes, but does not presume, that the "age" reference is unintentional because no other facts or claims in the proposed complaint refer to age discrimination.