IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LELA K. WARREN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CV-10-BE-03282-KOB** |
| ] | |
| **THE BOARD OF TRUSTEES OF** ] | |
| **THE UNIVERSITY OF ALABAMA,** ] | |
| **et al.,** ] | |
| ] | |
| **Defendants.** ] | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on pro se Plaintiff Lela K. Warren's "Plea." (Doc. 73). The court will treat Ms. Warren's "Plea" as a motion to reconsider this court's order striking her previously submitted "Motion to Amend or Alter Judgment." (Doc. 67). The court struck Ms. Warren's previous motion to amend or alter judgment because she personally filed the motion while still represented by counsel. (Doc. 69). Because Ms. Warren's counsel has now withdrawn, the court will reconsider its striking of the motion and GRANT Ms. Warren's "Plea" as a motion to reconsider this court's previous decision to strike the motion.

On November 30, 2012, this court granted summary judgment for Defendant University of Alabama Health Services Foundation. (Doc. 66). Thus, any motion to reconsider, alter, or amend the judgment in this case needed to be filed by December 28, 2012. Fed. R. Civ. Pro. 59(e).  Ms. Warren filed her motion to amend or alter judgment pro se on December 14, 2012, but the court struck the order because Ms. Warren was still represented by counsel. (Doc. 67).

Because the motion would have been timely if Ms. Warren's counsel had already withdrawn from the case, the court will now consider Ms. Warren's arguments contained in the motion.

A motion to reconsider a judgment under Federal Rule of Civil Procedure 59(e) "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). Courts have generally recognized three grounds justifying reconsideration of an order: (1) an intervening change in the law, (2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice. *See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001).

Ms. Warren did not present the court with any change in the law since the court granted summary judgment and did not point to any clear error or manifest injustice in the court's decision. Ms. Warren, however, did claim to present "newly acquired evidence." (Doc. 67, at 1). Ms. Warren attached eighty-one pages of apparently new evidence but none of the evidence, even if new, persuades the court to alter its grant of summary judgment to the Defendant. None of the attached evidence presents "strongly convincing" facts that indicates the court should reverse its prior decision. *See Fidelity & Deposit of Maryland*, 2008 WL 4080270, at *1. Instead, Ms. Warren presents the court with more evidence of the same nature and value as the record submitted to the court with her Response to the Defendant's Motion for Summary Judgment.

(Doc. 59). The court found that evidence failed to create genuine issues of material fact on Ms. Warren's claims in its original grant of summary judgment and finds no reason to now overturn that well-reasoned decision. Thus, the court will DENY Ms. Warren's "Motion to Amend or Alter Judgment." (Doc. 67).

DONE and ORDERED this 6th day of February, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE